**Order entered October 28, 2022**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00393-CR

### ANTHONY DAVID MARONEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 073585**

## ORDER

Before the Court are appellant's October 13, 2022 motion to abate the appeal and appellate counsel's October 17, 2022 motion to withdraw as attorney of record. Appellant's pro se motion complains about the effectiveness of counsel's representation and requests an abatement to either allow appellant to review the record himself and file a pro se brief or else to appoint new counsel. Counsel's motion to withdraw states the motion was filed "so that Appellant may be represented by counsel of his choice."

We **GRANT** appellate counsel's motion to withdraw as attorney of record. We **DIRECT** the Clerk to remove Jeromie Oney as counsel for appellant.

We **GRANT** appellant's motion to abate. We **ORDER** the trial court to conduct a hearing and make findings of fact regarding (1) whether new counsel should be appointed to represent appellant; (2) whether appellant wishes to waive his right to counsel on appeal and proceed pro se: (3) if appellant does desire to proceed pro se, whether his waiver of the right to counsel on appeal is made voluntarily, knowingly, and intelligently; (4) whether any decision by appellant to waive counsel on appeal and proceed pro se is in the best interest of appellant and the State; and (5) whether appellant is fully aware of the dangers and disadvantages of self-representation.

If the trial court determines that new counsel should be appointed, we **ORDER** the trial court to appoint new counsel to represent appellant in this appeal and to transmit a supplemental clerk's record containing the trial court's findings of facts and the order appointing new counsel to this Court within **THIRTY DAYS** of the date of this order.

If the trial court determines that appellant should be allowed to represent himself pro se, we **ORDER** the trial court to make arrangements to furnish appellant with a paper copy of the clerk's and reporter's records in the above case (with the exception of any CDs or DVDs which are not allowed by regulations of

the Texas Department of Criminal Justice) and to transmit a supplemental clerk's record containing the trial court's findings of facts to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk of the Court to send copies of this order to the Honorable Larry A. Phillips, Presiding Judge, 59th Judicial District Court; Jeromie Oney; Karla R. Baugh, assistant criminal district attorney; and appellant Anthony David Maroney, TDCJ No. 02405570, Lewis Unit, 777 FM 3497, Woodville, Texas 75990.

We **ABATE** this appeal to allow the trial court to comply with this order. The appeal will be reinstated when the supplemental clerk's record is received or the Court deems it appropriate to do so.

/s/    LANA MYERS
       JUSTICE